UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMANDA BEILFUSS,

     Plaintiff,

v.                                                                    Case No. 1:24-cv-1046
                                                                      Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant,

_____/

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for child disability benefits (CDB).

### I.    Background

On May 26, 2022, plaintiff filed an application for CDB alleging disability beginning on October 10, 2026.  PageID.30.  Plaintiff identified nine disabling conditions.[1] Plaintiff had some college credits but did not earn a degree.  PageID.59-60.  Plaintiff has no past relevant work.  PageID.46.[2]  The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on July 21, 2023.  PageID.30-48.  This decision, which was later

---

[1] Plaintiff alleged that the following conditions limited her ability to work: anxiety; bipolar; avoidant personality disorder; PTSD; depression; polycystic ovarian syndrome; back pain; high blood pressure; and, "joint pain/hip pain". PageID.293.

[2] The ALJ noted that plaintiff had brief employment as a crew member at a fast food restaurant and a delivery driver for a food delivery service.  PageID.33.

approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[3]

## II.    LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the

---

[3] The ALJ noted that plaintiff had filed a previous claim for supplemental security income (SSI):

> In making this decision, I recognize that the claimant received a favorable ALJ decision pertaining to her application for supplemental security income on March 18, 2022 (Ex. C3A). I stress that, because the previous ALJ decision was made under a different Title of the Social Security Act, it involved a different period of consideration in determining whether the claimant was disabled, and Acquiescence Rulings 98-3(6) and 98-4(6) do not apply.

PageID.30.

Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."  *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

"[T]he Social Security Administration has promulgated regulations that provide for the payment of disabled child's insurance benefits if the claimant is 18 years old or older and has a disability that began before attaining age 22 (20 CFR 404.350(a)(5))."  PageID.33-34.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . .  physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

### III.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not attained the age of 22 as of the alleged disability onset date of October 10, 2016, and that she has not engaged in substantial gainful activity since the alleged onset date. PageID.33. At the second step, the ALJ found that prior to attaining age 22, plaintiff had the following severe impairments: morbid obesity; bipolar disorder; major depressive disorder; generalized anxiety disorder; avoidant personality disorder; and post traumatic stress disorder (PTSD). PageID.33. At the third step, the ALJ found that prior to attaining age 22, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.35.

The ALJ decided at the fourth step that:

After careful consideration of the entire record, I find that, prior to attaining age 22, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant could only frequently, as opposed to continuously, climb ramps and stairs, and she could only occasionally stoop, crouch, kneel, crawl, and climb ladders, ropes, or scaffolds. Additionally, the

claimant was limited to performing simple, routine tasks; making simple, work-related decisions; and adapting to and tolerating occasional changes in a routine work setting. The claimant could also have no more than occasional interaction with supervisors and coworkers, and she could do no work involving direct interaction with the public.

PageID.37.  The ALJ also found that plaintiff had no past relevant work. PageID.46.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy.  PageID.46-47. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy including bakery racker (60,000 jobs), laundry packager (52,000 jobs), and clothing sorter (48,000 jobs).  PageID.47.  Accordingly, the ALJ determined that plaintiff had not been under a disability, as defined in the Social Security Act, at any time prior to November 25, 2017 (the date she attained age 22).  PageID.47.

## IV.    DISCUSSION

Plaintiff set forth one error on appeal:

**In finding that plaintiff's mental impairments did not meet or medically equal a listing at Step Three, the ALJ did not duly evaluate all relevant evidence in the record, including a report from plaintiff's long-time treating psychologist that showed plaintiff could have reasonably met every requirement of the Paragraph C criteria.**

A claimant bears the burden of demonstrating that she meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir. 1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id*.  An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20

C.F.R. § 404.1525(d).  *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir. 1987) (a claimant does not satisfy a particular listing unless all of the requirements of the listing are present).

Plaintiff contends that she meets the requirements to be disabled under Listing 12.04 ("Depressive, bipolar and related disorders").  To meet or equal the severity of Listing 12.04, the claimant must show that she meets: (1) the impairment specific medical criteria in Paragraph A; and, (2) the functional limitations criteria in Paragraphs B or C. *See* 20 C.F.R. pt. 404, Subpt. P, App. 1 § 12.00(A), Listing 12.04.  The ALJ acknowledged that plaintiff met the mental impairment requirement in Paragraph A for the following listings: "12.04 (Depressive, Bipolar, and Related Disorders), 12.06 (Anxiety and Obsessive-Compulsive Disorders), 12.08 (Personality and Impulse-Control Disorders), and 12.15 (Trauma and Stressor-Related Disorders")."  PageID.35.  Then, the ALJ addressed whether these impairments were severe enough to meet the Paragraph B or Paragraph C criteria.   PageID.35.

Here, plaintiff contends that she met the requirements of Paragraph C, which states as follows:

> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> > 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
> >
> > 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12.04.

In evaluating whether a claimant meets or medically equals a listed impairment, an ALJ must "actually evaluate the evidence, compare it to [the relevant listed impairment], and give an explained conclusion, in order to facilitate meaningful review." *Reynolds v. Commissioner of Social Security*, 424 Fed. Appx. 411, 416 (6th Cir. 2011). "Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id*. Here the ALJ did not provide a meaningful review of the Paragraph C criteria. The ALJ provided a conclusory review, citing the legal standard without addressing any particular evidence:

> The evidence also fails to establish the presence of the "paragraph C" criteria because the claimant did not have a medically documented history of mental disorder over a period of at least 2 years, with evidence of both (i) medical treatment, mental health therapy, psychosocial support, or a highly structured setting that was ongoing and that diminished the symptoms and signs of the mental disorder (See 12.00(G)(2)(b)); and (ii) marginal adjustment, defined as minimal capacity to adapt to changes in the environment or to demands that were not already part of daily life (See 12.00(G)(2)(c)).

PageID.37.

As discussed, plaintiff bears the burden at Step Three. *See Jones*, 336 F.3d at 474. "When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Social Security Administration*, 93 Fed. Appx. 725, 728 (6th Cir. 2004).

> For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.

*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. § 404.1520(d).

Here, plaintiff has met her burden.  Plaintiff relies on an opinion authored by psychologist Cynthia Schroeder Rodriguez, Ph.D. on March 12, 2014.  *See* Exh. C3F (PageID.448-454).  At that time, plaintiff had been treated on a biweekly basis for about a decade, with one hospitalization in 2012.  PageID.448.  The report summarizes plaintiff's treatment for mental impairments which appeared to include a genetic component:

> [Plaintiff] is an 18-year-old female who presented for treatment at age 8 with anxiety, irritability, and chronic conflict with father.  Clinical course has been marked by mood instability, intense negativity and oppositional behavior, as well as increasing evidence of hypomanic episodes as she entered later teen years (reduced need for sleep, agitation, racing thoughts). When in a depressive state, she displays markedly decreased functioning including staying in bed or in her room, oversleeping, and refusing to perform basic hygiene tasks or to participate in family life. Although in childhood she had one or two friends (typically emotionally or mentally impaired individuals), her social functioning rapidly deteriorated to the point where she currently has no friends other than internet contacts, and she participates in no school, social, or community activities.  [Plaintiff] completed her high school diploma in an on-line program and often resisted attending the required once-weekly classroom setting. She is morbidly obese and frequently complains of stomach symptoms, especially when facing a social or achievement situation. Her father is severely mentally ill, carrying a variety of diagnoses including schizoaffective disorder and is reportedly leading an extremely unstable life including time in jail and without stable housing. Per mother, he was emotionally and occasionally physically abusive toward [plaintiff] up until parents divorced in 2008. It thus appears likely that [plaintiff's] psychiatric condition has a genetic component as well as psychosocial determinants.

PageID.448.

Dr. Rodriguez summarized plaintiff's treatment:

> Treatment with the writer has been fairly consistently held on a biweekly basis over a span of 10 years (8 years at the Christian Counseling Center and 2 years at the writer's private practice).  There was one hospitalization for suicidal thinking in March of 2012.  Parents have been involved intermittently (since the parents' divorce, mother has had primary physical custody) as needed to discuss parenting issues and facilitate communication and problem-solving.  Therapeutic approach has been primarily cognitive-behavioral and solution-focused, with a great deal of attention to preventing/managing mood shifts, basic living habits including sleep cycle, exercise, self-care, chores, and simple socialization.  In general, [plaintiff's] response to treatment has been quite limited. Her interpersonal style is extremely passive and guarded, and she typically requires a great deal of

8

structuring and guidance in order to carry on a productive conversation.  This style has changed only slightly over the decade of psychotherapy.  Her capacity for insight is also limited, although she is capable of more self-observation than she typically expresses verbally.  When her mood swings are more intense, she tends to withdraw from therapy for several weeks or more.  I see therapy as a necessary support and accountability structure, without which [plaintiff's] functioning tends to slide more into withdrawal and isolation.

*Id*.

At that time, the doctor found plaintiff's mental status to include a disheveled appearance, dysfluent speech ("very short sentences"), history of auditory hallucinations ("before med change"), irritable mood, flat affect, poor impulse control and "poor/limited" insight. PageID.450. Dr. Rodriguez found that plaintiff had a guarded prognosis and recommended that plaintiff continue her medication management and psychotherapy sessions 1-2 times a month. PageID.448-449.

As discussed, the ALJ did not "facilitate meaningful review" of the Paragraph C criteria.  *See Reynolds*, 424 Fed. Appx. at 416.   In this appeal, plaintiff has presented evidence which could support the Paragraph C criteria.  Specifically, Dr. Rodriguez's 2014 opinion explains that plaintiff had a decade-long history of mental disorders and psychotherapy beginning at age eight.  *See* Plaintiff's Brief (ECF No. 19, PageID.849).   Plaintiff has presented evidence of disorders which were "serious and persistent", which required mental health therapy, and which resulted in marginal adjustment.  In this regard, plaintiff has shown a minimal capacity to adapt to changes in her environment or to demands that were not already part of her daily life, *e.g.*, plaintiff was unable to complete a college degree and has no relevant employment as an adult.  PageID.59-62.  Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate whether plaintiff met the Paragraph C requirements of Listing 12.04 and whether she is disabled under the listing.

## V.    RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate whether plaintiff met the Paragraph C requirements of Listing 12.04 and whether she is disabled under the listing.

Dated: February 23, 2026                                                        /s/ Ray Kent
                                                                                                    Ray Kent
                                                                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).